David J. O'Connor, Esq. Village Attorney, Weedsport
I am writing in response to your request for an opinion as to the compatibility of the offices of county legislator and village trustee of a village within that county.
In the absence of a constitutional or statutory prohibition against dual-officeholding, one person may hold two offices simultaneously unless they are incompatible. The leading case on compatibility of office isPeople ex rel. Ryan v Green, 58 N.Y. 295 (1874). In that case the Court held that two offices are incompatible if one is subordinate to the other or if there is an inherent inconsistency between the two offices. The former can be characterized as "you cannot be your own boss", a status normally easy to see. The latter is not easily characterized, for one must analyze the duties of the two offices to ascertain whether there is an inconsistency. An obvious example is the inconsistency of holding both the office of auditor and the office of director of finance.
There are two subsidiary aspects of compatibility. One is that, although the common law rule of the Ryan case is limited to public offices, the principle equally covers an office and a position of employment or two positions of employment. The other is that, although the positions are compatible, a situation may arise where one has a conflict of interest created by the simultaneous holding of the two positions. In such a situation the conflict is avoided by declining to participate in the disposition of the matter. If such situations are inevitable as opposed to being possibilities, there is an inherent inconsistency in the positions.
Section 3-300 of the Village Law provides that:
 "No person shall be disqualified from holding a village office by reason of holding any public office unless such public officer could not fully discharge the duties and obligations of the village office while carrying out the duties and obligations of any such other office." (Village Law, § 3-300[4].)
In a 1981 opinion we found that the offices of county legislator and village attorney were compatible (1980 Op Atty Gen [Inf] 114). For similar reasons, we conclude here that the same person may hold the offices of county legislator and village trustee simultaneously. As in the 1981 opinion, we recognize that a problem of advocacy of divergent positions might arise in a municipal cooperation situation under Article 5-g of the General Municipal Law (id., §§ 119-m, 119-n and 119-o). This scenario, however, is neither inevitable nor probable. We do not consider the mere possibility of a conflict to be sufficient to constitute a bar to the dual office-holding. If a situation does arise which would require a choice by the individual between divergent interests, the individual would have to disqualify himself from acting in either capacity.
Accordingly, we conclude that the offices of county legislator and village trustee of a village within the county are compatible.